MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ESTELA B CORTES and MIRIAM IVONNE
CAPETILLO CAPETILLO, *individually and*
*on behalf of others similarly situated,*

<table>
<tr><td></td><td></td></tr>
<tr><td align="center">*Plaintiffs*,</td><td align="center">**COMPLAINT**</td></tr>
<tr><td align="center">-against-</td><td align="center">**COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b) AND RULE 23**</td></tr>
<tr><td>DIAMANTE POBLANO RESTAURANT</td><td align="center">**CLASS ACTION**</td></tr>
<tr><td>CORP. (D/B/A DIAMANTE POBLANO),<br>FRANCISCO DIAZ , LETICIA DIAZ ,</td><td align="center">**ECF Case**</td></tr>
<tr><td>FRANCISCO DIAZ (AKA KIKO) , and<br>NOEMI DIAZ ,</td><td></td></tr>
<tr><td align="center">*Defendants.*</td><td></td></tr>
</table>

-----------------------------------------------------------X

Plaintiffs Estela B Cortes and Miriam Ivonne Capetillo Capetillo , individually and on

behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Diamante

Poblano Restaurant Corp. (d/b/a Diamante Poblano), ("Defendant Corporation"), Francisco Diaz,

Leticia Diaz,  Francisco Diaz (aka Kiko), and  Noemi Diaz, ("Individual Defendants"),

(collectively, "Defendants"), allege as follows:

## <u>NATURE OF ACTION</u>

1.      Plaintiffs are both current and former employees of Defendants Diamante Poblano

Restaurant Corp. (d/b/a Diamante Poblano), Francisco Diaz, Leticia Diaz, Francisco Diaz (aka

Kiko), and Noemi Diaz.

2.      Defendants own, operate, or control a Mexican Restaurant, located at 2431 Jerome Ave, Bronx, NY 10468 under the name "Diamante Poblano".

3.      Upon information and belief, individual Defendants Francisco Diaz, Leticia Diaz, Francisco Diaz (aka Kiko), and Noemi Diaz, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employed as waitresses at the restaurant located at 2431 Jerome Ave, Bronx, NY 10468.

5.      Plaintiffs have ostensibly been employed as waitresses. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to sweeping and mopping, bringing up sodas and beers and stock them in the refrigerators, carrying boxes of beer from the back to the bar and place them in the refrigerator, Prepare juices, bring up and down soda inventory, sweeping, making and packaging salsas, bringing in the alcohol inventory in the fridge , cleaning tables and putting chairs back on top of the tables and bringing the chairs down again the next day (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

9.     Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

10.     Defendants have employed and accounted for Plaintiffs as waitresses in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants have paid Plaintiffs at a rate that is lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as waitresses instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs  at the minimum wage rate and has enabled them to pay them at the tip-credit rate (which they still have failed to do).

14.     In addition, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and have made unlawful deductions from Plaintifs' and other tipped employees' wages.

15.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

20.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican Restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

21.     Plaintiff Estela B Cortes ("Plaintiff Cortes" or "Ms. Cortes") is an adult individual residing in Bronx County, New York.

22.     Plaintiff Cortes was employed by Defendants at Diamante Poblano from approximately August 19, 2019 until on or about September 27, 2019.

23.     Plaintiff Miriam Ivonne Capetillo Capetillo ("Plaintiff Capetillo" or "Ms. Capetillo") is an adult individual residing in Bronx County, New York.

24.     Plaintiff Capetillo has been employed by Defendants at Diamante Poblano from approximately February 2016 until the present date.

*Defendants*

25.     At all relevant times, Defendants own, operate, or control a Mexican Restaurant, located at 2431 Jerome Ave, Bronx, NY 10468 under the name "Diamante Poblano".

26.     Upon information and belief, Diamante Poblano Restaurant Corp. (d/b/a Diamante Poblano) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2431 Jerome Ave, Bronx, NY 10468.

27.     Defendant Francisco Diaz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Francisco Diaz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Francisco Diaz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Leticia Diaz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leticia Diaz is sued individually

in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Leticia Diaz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.     Defendant Francisco Diaz (aka Kiko) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Francisco Diaz (aka Kiko) is sued individually in his capacity as a manager of Defendant Corporation. Defendant Francisco Diaz (aka Kiko) possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.     Defendant Noemi Diaz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Noemi Diaz is sued individually in her capacity as a manager of Defendant Corporation. Defendant Noemi Diaz possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

31.     Defendants operate a Mexican Restaurant located in the Fordham Heights section of the Bronx in New York City.

32.     Individual Defendants, Francisco Diaz, Leticia Diaz, Francisco Diaz (aka Kiko), and Noemi Diaz, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

37.     Upon information and belief, Individual Defendants Francisco Diaz and Leticia Diaz operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

38.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

39.    In each year from 2016 to 2019, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

41.    Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as waitresses. However, they have spent over 20% of each shift performing the non-tipped duties described above.

42.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Estela B Cortes*

43.     Plaintiff Cortes was employed by Defendants from approximately August 19, 2019 until on or about September 27, 2019.

44.     Defendants ostensibly employed Plaintiff Cortes as a waitress.

45.     However, Plaintiff Cortes was also required to spend a significant portion of her work day performing the non-tipped duties described above.

46.     Although Plaintiff Cortes ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

47.     Plaintiff Cortes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.     Plaintiff Cortes's work duties required neither discretion nor independent judgment.

49.     From approximately August 19, 2019 until on or about September 27, 2019, Plaintiff Cortes worked from approximately 8:00 p.m. until on or about 4:00 a.m., Fridays through Sundays (typically 24 hours per week).

50.     Throughout her employment, Defendants paid Plaintiff Cortes her wages in cash.

51.     From approximately August 19, 2019 until on or about September 27, 2019, Defendants paid Plaintiff Cortes $5.00 per hour.

52.     Defendants never granted Plaintiff Cortes any breaks or meal periods of any kind.

53.     Plaintiff Cortes was never notified by Defendants that her tips were being included as an offset for wages.

54.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Cortes's wages.

55.     Defendants withheld a portion of Plaintiff Cortes's tips; specifically, Defendants pocketed approximately $6 worth of tips approximately four times while she was a waitress.

56.     Plaintiff Cortes was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

57.     Defendants took improper and illegal deductions from Plaintiff Cortes's wages; specifically, Defendants deducted $5 from Plaintiff Cortes' weekly wages for any forgotten food in delivery orders.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cortes regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Cortes an accurate statement of wages, as required by NYLL 195(3).

60.     Defendants did not give any notice to Plaintiff Cortes, in English and in Spanish (Plaintiff Cortes's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Cortes to purchase "tools of the trade" with her own funds—including an apron.

*Plaintiff Miriam Ivonne Capetillo Capetillo*

62.     Plaintiff Capetillo has been employed by Defendants from approximately February 2016 until the present date.

63.     Defendants have ostensibly employed Plaintiff Capetillo as a waitress.

64.     However, Plaintiff Capetillo has also been required to spend a significant portion of her work day performing the non-tipped duties described above.

65.     Although Plaintiff Capetillo has ostensibly been employed as a waitress, she has spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

66.     Plaintiff Capetillo has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67.     Plaintiff Capetillo's work duties have required neither discretion nor independent judgment.

68.     From approximately February 2016 until on or about October 2016, Plaintiff Capetillo worked from approximately 9:00 p.m. until on or about 4:00 a.m. to 5:00 a.m., 5 days a week (typically 35 to 40 hours per week).

69.     From approximately February 2017 until on or about May 2019, Plaintiff Capetillo worked from approximately 9:00 p.m. until on or about 4:00 a.m. to 5:00 a.m., 5 days a week (typically 35 to 40 hours per week).

70.     From approximately May 2019 until the present date, Plaintiff Capetillo has worked from approximately 8:00 p.m. until on or about 3:30 a.m. to 4:00 a.m., 5 days a week (typically 37.5 to 40 hours per week).

71.     Throughout her employment, Defendants have paid Plaintiff Capetillo her wages by check.

72.     From approximately February 2016 until the present date, Defendants have paid Plaintiff Capetillo $5.00 per hour.

73.     Defendants have never granted Plaintiff Capetillo any breaks or meal periods of any kind.

74.     Plaintiff Capetillo has never been notified by Defendants that her tips are being included as an offset for wages.

75.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Capetillo's wages.

76.     Defendants have withheld a portion of Plaintiff Capetillo's tips; specifically, Defendants withheld approximately $18 worth of tips each week.

77.     Plaintiff Capetillo has not been required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

78.     Defendants have taken improper and illegal deductions from Plaintiff Capetillo's wages; specifically, Defendants have deducted $18 from Plaintiff Capetillo's weekly wages from tips.

79.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Capetillo regarding overtime and wages under the FLSA and NYLL.

80.     Defendants have never provided Plaintiff Capetillo an accurate statement of wages, as required by NYLL 195(3).

81.     Defendants have never given any notice to Plaintiff Capetillo, in English and in Spanish (Plaintiff Capetillo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

82.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

83.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

84.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85.     Defendants have required Plaintiffs and all other waitresses to perform general non-tipped tasks in addition to their primary duties as waitresses.

86.      Plaintifs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

87.      Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

   Plaintifs and all other tipped workers have been paid at a rate that is lower than the lower tip-credit rate by Defendants.

88.      However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintifs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

89.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

90.     In violation of federal and state law as codified above, Defendants have classified Plaintifs and other tipped workers as tipped employees, and have paid them at a rate that is lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

91.     Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

92.     Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

93.     Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as waitresses for the tips they received. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving waitresses of a portion of the tips earned during the course of employment.

94.     Defendants have unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

95.      Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit or pay them the full hourly minimum wage.

96.      Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

97.      Defendants have paid Plaintiffs their wages in cash.

98.      Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

99.      Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

100.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

101.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

102.     Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

103.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

104.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

105.    At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

106.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## <u>FEDERAL RULE 23 CLASS ACTION ALLEGATIONS</u>

107.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

108.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

109.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

110.     There are questions of law and fact common to the Class including:

   a)   What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

   b)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

   c)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

   d)   Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

   e)   Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

   f)   Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

111.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

112.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

113.    The common questions of law and fact predominate over questions affecting only individual members.

114.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

115.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

116.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

118.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

119.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

120.     Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

121.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

122.     Plaintiffs (and the FLSA and Rule 23 Class members)have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

125.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

126.    Plaintiffs (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    At all times relevant to this action, Defendants have been Plaintiffs' (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

129.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs (and the FLSA and Rule 23 class members)less than the minimum wage.

130.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

131.     Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

132.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

134.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

135.     Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

136.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.     Defendants have failed to pay Plaintiffs(and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

138.     Defendants' failure to pay Plaintiffs(and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

139.     Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

140.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.     Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

142.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

143.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

144.     With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

145.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

146.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.     Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

148.     Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

149.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

151.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

152.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

153.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

154.    Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

155.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

156.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

157.    Defendants have made unlawful deductions from Plaintiffs' wages; specifically, Defendants withheld tips from Plaintiffs' earnings.

158.    The deductions made from Plaintiffs' wages have not been authorized or required by law.

159.    Through their knowing and intentional efforts to take unauthorized deductions from

Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

160.    Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

161.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

162.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

163.    Defendants are liable to each Plaintiff in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs(FLSA and Rule 23 Class members);

(k)     Declaring that Defendants have violated the timely payment provisions of the

NYLL as to Plaintiffs and members of the FLSA and Rule 23 Class;

(l)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

       (t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

  Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

      October 10, 2019

                                MICHAEL FAILLACE & ASSOCIATES, P.C.

                     By:           /s/ Michael Faillace      
                              Michael Faillace [MF-8436]
                              60 East 42nd Street, Suite 4510
                              New York, New York 10165
                              Telephone: (212) 317-1200
                              Facsimile: (212) 317-1620
                              *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

October 7, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Estela B Cortes

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      7 de octubre

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 7, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  Miriam Ivonne Capetillo Capetillo

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                   7 de Octubre 2019

*Certified as a minority-owned business in the State of New York*